**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DAVID MORALES-ACOSTA, | No. 13-70509 |
| Petitioner, | Agency No. A013-719-333 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2016[**]
Pasadena, California

Before: McKEOWN and IKUTA, Circuit Judges and PRATT,[***] Senior District
Judge.

Morales-Acosta appeals a decision by the Board of Immigration Appeals

(BIA) to deny Morales-Acosta relief under the Convention Against Torture (CAT).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert W. Pratt, Senior District Judge for the U.S.
District Court for the Southern District of Iowa, sitting by designation.

He also appeals the BIA's decision that he was ineligible for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

The BIA's decision that Morales-Acosta was ineligible for relief under CAT was supported by substantial evidence. The record did not establish that it was more likely than not that Morales-Acosta would be tortured in Mexico "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1); *see Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006); *see also Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013).

The BIA did not err in holding that Morales-Acosta was convicted of a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii) and was therefore ineligible for asylum and withholding of removal. The agency applied the correct legal standard in determining that Morales-Acosta's conviction did not qualify as an exception to the presumption that drug trafficking felonies are particularly serious crimes under the factors set forth in *Matter of Y-L-*, 23 I. & N. Dec. 270 (A.G. 2002). If the agency has considered the appropriate factors, "we cannot reweigh evidence" as to whether the conviction meets the "particularly serious crime" standard. *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (quoting *Blandino-Medina v. Holder*, 712 F.3d 1338, 1343 (9th Cir. 2013)).

**PETITION DENIED IN PART AND DISMISSED IN PART.**